TIMOTHY JAMES McGRATH,

                Plaintiff,

      v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

                Defendant.

Case No. 11 C 2125

Hon. Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Timothy McGrath's ("McGrath") Motion for Attorney's Fees under the Equal Access to Justice Act, 28 U.S.C. § 2412. For the reasons stated herein, Plaintiff's Motion is granted.

## I. BACKGROUND

In an opinion dated April 12, 2012, the Court ruled on Plaintiff Timothy McGrath's Motion to Reverse or Remand the Commissioner of Social Security's decision that he is not disabled. The majority of the relevant facts of this case are set out in that opinion. The Court remanded the case so that the Administrative Law Judge (the "ALJ") could consider new evidence that became available after the ALJ had issued her decision. As to McGrath's substantive challenges to the ALJ's decision, the Court ruled in favor of the Commissioner on three issues, but

ruled in favor of McGrath and remanded on the final issue. That ruling is now the basis for his request for attorney fees under the Equal Access to Justice Act (the "EAJA").

## II.  <u>LEGAL STANDARD</u>

Under the EAJA, a court may award costs and attorneys' fees to the prevailing party in a civil suit against the government, but only if the "position of the United States" was not "substantially justified" and there are no "special circumstances" that make such an award unjust.  28 U.S.C. § 2412(d)(1)(A).  There is no dispute here that McGrath was the prevailing party in the underlying suit, nor is there any contention by the Government that there are special circumstances precluding an award of attorneys' fees.  The only issue for determination, therefore, is whether the Government's position in the underlying suit was "substantially justified."

To be substantially justified, the Government's position need not be "'justified to a high degree,' but rather 'justified in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Sullivan*, 487 U.S. 552, 565 (1988).  The position is substantially justified "if it has a reasonable basis in fact and law."  *Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009).  In the Social Security context, the "position of the United States" includes

the Commissioner's litigation position and pre-litigation conduct, as well as the ALJ's decision itself. *Id.*; 28 U.S.C. § 2412(d)(2)(D). It is the Commissioner's burden to show that the Government's position was substantially justified. *Stewart*, 561 F.3d at 683.

### III. <u>ANALYSIS</u>

As noted above, on April 10, 2012, the Court remanded the ALJ's decision for two reasons. First, the Court remanded the case so that the ALJ could consider new evidence that was not available at the time of the original hearing. This type of remand is considered a "sentence six remand" under 42 U.S.C. § 405(g). *Melkonyan v. Sullivan*, 501 U.S. 89, 100. Because sentence six remands are not considered "final judgments" for purposes of the EAJA that portion of the Court's ruling is not currently at issue. *See id.* The second reason for remand does raise a question under the EAJA, and is described below.

### A. Whether the Commissioner's Position is Substantially Justified

In the April 10 opinion, the Court rejected three out of four of McGrath's substantive challenges to the ALJ's decision, but found merit in the final challenge and reversed and remanded on that basis. When determining whether McGrath was disabled, the ALJ followed the five-step analysis set out in 20 C.F.R. § 404.1520(a)(4). The Court found no significant problems with

the ALJ's analysis in the first four steps, but did find reversible error at step five. The Court held that the ALJ failed to satisfy her burden of showing that McGrath could perform other jobs in the national economy. Because the ALJ relied on the Medical-Vocational Guides without making a determination that McGrath's non-exertional limitations were not substantial, her position – and therefore, that of the Commissioner – was not substantially justified.

To find a claimant not disabled, step five requires the ALJ to show that the claimant can perform some other job in the national economy. *Id.* The ALJ may do so by applying the Medical-Vocational Guidelines, commonly called the grids. *Walker v. Bowen*, 834 F.2d 635, 641 (7th Cir. 1987). Non-exertional limitations, however, are not factored into the grids. *Luna v. Shalala*, 22 F.3d 687, 691 (7th Cir. 1994). Where a non-exertional limitation "might substantially reduce the range of work an individual can perform," the ALJ is precluded from relying on the grids and must consult with a vocational expert. *Id.* The burden of showing that a non-exertional limitation is not substantial rests on the ALJ. *Lawrence v. Astrue*, 337 F.App'x. 579, 584 (7th Cir. 2009).

The ALJ failed to meet that burden. McGrath has non-exertional limitations in the form of vision problems relating to

migraines and photophobia.  The ALJ, therefore, could only rely on the grids if McGrath's vision problems did not substantially reduce the range of work he could perform.  In her decision, however, the ALJ made no mention of whether or how she determined that this limitation was not substantial, and instead rested on assumption.  The Court, therefore, held that the ALJ's reliance on the grids was not supported by substantial evidence. *McGrath v. Astrue*, 2012 U.S. Dist. LEXIS 50546, at *23 (N.D. Ill. April 10, 2012).  Because the ALJ did not demonstrate that McGrath's vision problems were not substantial and did not consult a vocational expert, her position was not substantially justified.

The Commissioner now argues that the ALJ's error was simply a "deficiency of articulation."  Def.'s Resp. 2.  In support of this argument, he points to the Court's statement that "the ALJ laid out no discussion of the effect of McGrath's non-exertional limitations in step five." *McGrath,* 2012 U.S. Dist. LEXIS 50546, at *22.  The Commissioner's assertion that a reversal for lack of articulation does not require a finding that the Government's position was not substantially justified is correct. *Cunningham v. Barnhart*, 440 F.3d 862, 865 (7th Cir. 2006).  The reversal here, however, was not merely for a lack of articulation.  Rather, as explained above, the ALJ skipped altogether a required portion of the analysis in step five.

The Commissioner also points to the portion of the Court's opinion that notes that "it is quite likely that the vision problems were not substantial in relation to this analysis." *McGrath*, 2012 U.S. Dist. LEXIS 50546, at *22. However, the possible outcome of the appropriate analysis is irrelevant to whether the ALJ's position was substantially justified. The relevant question is whether the ALJ engaged in the appropriate analysis and here, she did not. The law is clear that the ALJ was required to demonstrate that McGrath's non-exertional limitations were not substantial before she relied solely on the grids in step five. *Luna*, 22 F.3d at 691. More than simply failing to adequately articulate her reasoning, the ALJ failed to take a required step in reaching her decision. Accordingly, neither the ALJ's position in finding McGrath not disabled under step five nor the Commissioner's defense of that position were substantially justified.

## B. Whether the Attorneys' Fees Are Reasonable

Having determined that McGrath is entitled to attorneys' fees, the Court turns now to the question of what amount is reasonable. McGrath's attorney requests an award of $5,850 based on 31.5 hours of work (including time spent litigating this motion) at a rate of $180.00 per hour. The EAJA allows for an award of "reasonable" attorneys' fees and expenses. 28 U.S.C. § 2412(d)(2)(A). The statute provides that the reasonableness of

the fees should be based on the prevailing market rate, but that the fees "shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii).

There is some disagreement over what requirements a claimant must satisfy to receive an award based on a rate higher than $125 per hour. Some courts believe the Seventh Circuit has indicated that even where an attorney is able to show, by way of a cost of living adjustment, that inflation has increased the cost of providing adequate legal services, she must also show that, absent a fee award above $125 per hour, no competent attorney in the relevant geographical area would handle the case. *Mathews-Sheets v. Astrue*, 653 F.3d 560, 565 (7th Cir. 2011). A number of courts have since followed this interpretation of the EAJA. *See Claiborne ex rel. L.D. v. Astrue*, --- F.Supp.2d ---, 2012 WL 2680777, *3 (N.D. Ill. June 6, 2012) (listing cases that have cited *Mathews-Sheets* as requiring both showings). Other courts, however, have rejected that reading of *Mathews-Sheets* and held that the EAJA's language provides two separate bases for justifying fees higher than the $125 per hour rate – one for an increase in the cost of living, and one for other "special

circumstances." *See id.* (listing cases in which courts have "declined to construe *Mathews-Sheets* as imposing this dual requirement"). Here, the Commissioner does not directly address the presence (or lack) of a dual requirement, but argues that, under *Mathews-Sheets*, McGrath failed to provide an adequate basis for a higher fee, and that "any fee award therefore should not be made at an hourly rate higher than $125." Def.'s Resp. 5. The Court disagrees.

Regardless of whether the EAJA actually requires an attorney to make both showings, the Court finds that McGrath's attorney has addressed both adequately and that the fees requested are reasonable. McGrath's attorney makes an effort to justify an inflation rate based on her particular circumstances. She explains that she determined the proposed hourly rate of $180.00 by applying cost of living adjustments from 2011 in conjunction with the Consumer Price Index for the Chicago-Gary-Kenosha geographical area. She also cites a number of recent cases from this District in which courts awarded EAJA fees at similar rates. *Walker v. Astrue*, 2012 WL 527527, *3-4 (N.D. Ill. Feb. 16, 2012) (awarding fees at $170.58 per hour); *Claiborne*, 2012 WL 2680777 at *4 ($181.50 per hour); *McCristal v. Astrue*, 2012 WL 698365 *7 (N.D. Ill. March 1, 2012) ($175.00 per hour). Furthermore, in the reply brief, McGrath's attorney affirmatively states that she

does not know of any other attorneys in the relevant geographical area that would be willing to take a case such as this for $125 per hour. The attorney and her law partner also attached affidavits repeating and supporting that assertion. All of these things together are sufficient to indicate that an award at the proposed hourly rate is, in fact, reasonable. The Court, therefore, grants attorneys' fees for 32.5 hours of work at a rate of $180.00 per hour, totaling $5,850.00.

## IV.  CONCLUSION

For the reasons stated herein, neither the ALJ's position, nor the Commissioner's defense of that position, were substantially justified. Accordingly, McGrath's motion for attorneys' fees under the EAJA is granted. Additionally, the Court finds the fee proposal to be reasonable and awards McGrath the sum of $5,850.00.


**IT IS SO ORDERED.**

_____
      Harry D. Leinenweber, Judge
      United States District Court

**DATE:** 9/27/2012